IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

**RONALD AUGUST,**

Petitioner,

v.

**STATE OF CALIFORNIA, STANISLAUS COUNTY,**

Respondent.

Case No. 1:15-cv-01001 MJS (HC)

**ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR PETITIONER'S FAILURE TO EXHAUST STATE REMEDIES**

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a February 6, 2015 conviction for second degree robbery from the Stanislaus County Superior Court. (Pet., ECF No. 1.) In his petition, Petitioner states that he did not seek review of the claims presented in the petition from any state court, including the California Supreme Court.

**I.    DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a

1  petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to
2  relief."  Rule 4 of the Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d
3  490 (9th Cir.1990). Otherwise, the Court will order Respondent to respond to the petition.
4  Rule 5 of the Rules Governing § 2254 Cases.

5  A petitioner who is in state custody and wishes to collaterally challenge his
6  conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.
7  28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court
8  and gives the state court the initial opportunity to correct the state's alleged constitutional
9  deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S.
10 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

11 A petitioner can satisfy the exhaustion requirement by providing the highest state
12 court with a full and fair opportunity to consider each claim before presenting it to the
13 federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S.
14 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will
15 find that the highest state court was given a full and fair opportunity to hear a claim if the
16 petitioner has presented the highest state court with the claim's factual and legal basis.
17 Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9 (1992)
18 (factual basis).

19 Additionally, the petitioner must have specifically told the state court that he was
20 raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford,
21 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195
22 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In
23 Duncan, the United States Supreme Court reiterated the rule as follows:

24  In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that
    exhaustion of state remedies requires that petitioners "fairly present"
25  federal claims to the state courts in order to give the State the
    "'opportunity to pass upon and correct' alleged violations of the prisoners'
26  federal rights" (some internal quotation marks omitted). If state courts are
    to be given the opportunity to correct alleged violations of prisoners'
27  federal rights, they must surely be alerted to the fact that the prisoners are

28

2

asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000).

Upon review of the instant petition for writ of habeas corpus, it appears that Petitioner has not presented his claims to the highest state court, the California Supreme Court. Petitioner must inform the Court if, in fact, his claims have been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court along with a copy of any ruling made by the California Supreme Court. Without knowing what claims, if any, have been presented to the California Supreme Court, the Court is unable to proceed to the merits of the petition. 28 U.S.C. § 2254(b)(1).

## II. ORDER

Accordingly, Petitioner is ORDERED TO SHOW CAUSE why the petition should not be dismissed for Petitioner's failure to exhaust state remedies. Petitioner is ORDERED to inform the Court what claims have been presented to the California Supreme Court within thirty (30) days of the date of service of this order.

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated: July 2, 2015 /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE